**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Vicki Lee Baker,

Plaintiff,

Civil No. 01-130 ADM/AJB

v.

**ORDER**

Life Insurance Company of North America as the Healthsystem Minnesota Long Term Disability Plan,

Defendant.

---

This case came before the Court on Plaintiff's motion to compel discovery. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is granted in part, denied in part and dismissed in part [Docket No. 15];
2. With respect to Plaintiff's interrogatories numbered 1-3, Defendant shall immediately supplement its responses in light of any additionally discovered material;
3. With respect to Plaintiff's interrogatories numbered 4, 6, 7, 8, 9, 10 & 20, Plaintiff's motion is denied;
4. With respect to Plaintiff's interrogatories numbered 5, 11, 12, 13 & 16, the motion presents no controversy and is therefore dismissed;
5. Defendant shall fully and completely answer Plaintiff's interrogatories numbered 14, 15, 17, & 18, or should withdraw the corresponding affirmative defense;
6. Defendant shall fully and completely answer Plaintiff's interrogatory numbered 19;
7. With respect to Plaintiff's interrogatory numbered 21, Defendant shall identify the

FILED OCT 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

specific language upon which Defendant relies in claiming that something other than a *de novo* review applies;

8. With respect to Plaintiff's document requests numbered 1 & 2, Defendant shall supplement its responses in light of any additionally discovered material;

9. With respect to Plaintiff's document requests numbered 3, 5 & 6, Plaintiff's motion is denied;

10. With respect to Plaintiff's document request numbered 4 & 7, the motion presents no controversy and is therefore dismissed; and

11. No fees or costs are assessed to either party.

Dated: 10/15/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

**A. Supplementing the Administrative Record**

This is an action for benefits brought under the Employee Retirement Income Security Act ("ERISA"). At the current stage in the litigation, the main dispute involves the standard of review. Defendant, of course, argues that an "abuse of discretion" standard applies. Plaintiff, on the other hand, hopes to show that a less deferential standard applies. The main issue before the Court is the scope of discovery. Specifically, in an effort to establish a less deferential standard, Plaintiff wants discovery to show that the decision to deny benefits was tainted by a palpable conflict of interest or a serious procedural irregularity, as contemplated by Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998). Many of the at-issue discovery requests seek information

that falls outside of the administrative record. Defendant argues that discovery should not go beyond the administrative record.

The Court has located very little authority on the instant issue. However, the Eighth Circuit, in *dicta*, has provided some guidance:

> A palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts. We note, however, that conducting limited discovery for the purpose of determining the appropriate standard of review does not run afoul of the general prohibition on admitting evidence outside the administrative record for the purpose of determining benefits.

Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 776-77 n.4 (8th Cir. 1998).

Although Farley provides no clear test, the above-quoted language clearly suggests that (1) occasions will arise when it is appropriate to supplement the administrative record regarding conflicts of interest or procedural irregularities, but (2) said discovery should be allowed on only those occasions when a plaintiff presents the Court with some concrete basis for doing so.

Here, Plaintiff has not demonstrated that this is one of those occasions. The documents supporting the motion to compel contained virtually no explanation as to why the administrative record should be supplemented. The Court acknowledges that, at oral argument, Plaintiff made an attempt to lay the foundation for supplementing the record. She explained that, despite presenting her treating physician's opinion and a host of convincing evidence from her personal injury suit, Plaintiff's disability claim was still denied. Plaintiff argued that this suggests a conflict of interest or a procedural irregularity and thus entitles her to supplement the administrative record. In other words, Plaintiff essentially argued that, because the evidence so

overwhelmingly established her disability, there *must* have been a conflict of interest or a procedural irregularity. The Court is unpersuaded. Although there is little case law to guide the Court's decision, the Court is convinced that a plaintiff cannot bootstrap the standard-of-review analysis to the merits of their claim. Therefore, the following discovery requests should be denied: interrogatories numbered 4, 6, 7, 8, 9, 10 and 20; and document requests numbered 3, 5 & 6.

**B. Remaining Discovery Requests**

It is necessary to make a few short comments regarding some of the remaining discovery requests. At oral argument, Plaintiff indicated that she was satisfied with the response to interrogatory numbered 5, and she withdrew interrogatory numbered 11 and document request numbered 4. In addition, it appears that document request numbered 7 has been fully answered or will be adequately addressed by Defendant's response to interrogatory numbered 21. Lastly, Defendant represented that it would be withdrawing the affirmative defenses corresponding to interrogatories numbered 12, 13 & 16. Therefore, with respect to interrogatories numbered 5, 11, 12, 13 and 16; along with document requests numbered 4 & 7, the motion presents no controversy and is therefore dismissed.

AJB