**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Vicki Lee Baker,

Plaintiff,

Civil No. 01-130 ADM/AJB

v.

**REPORT AND RECOMMENDATION**

Life Insurance Company of North America as the HealthSystem Minnesota Long Term Disability Plan,

Defendant.

---

Heidi Schneider and Robert Bennett, GARTNER, BENNETT & SCHUPP, PC, Minneapolis, Minnesota, for Plaintiff.

Thomas K. Berg and Brian L. Lindberg, HINSHAW & CULBERTSON, Minneapolis, Minnesota, for Defendant.

---

## I. INTRODUCTION

Plaintiff filed this action alleging Defendant wrongfully failed to pay benefits under a disability plan governed by ERISA. The parties are now before the Court on cross-motions for partial summary judgement on the sole issue of the appropriate standard by which the merits of this case should be reviewed. Plaintiff seeks a *de novo* standard of review, but in the alternative, Plaintiff asks for a sliding-scale standard. Defendant, however, seeks an abuse-of-discretion standard. The matter is properly before the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons discussed below, it is recommended that Plaintiff's motion be granted and that Defendant's motion be denied. It is further recommended that the merits of this case be reviewed

FILED NOV 0 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

*de novo*.

## II. DISCUSSION

When reviewing a denial of benefits by an ERISA plan administrator, a reviewing court employs a *de novo* standard unless the plan confers discretion upon the administrator or fiduciary to construe the terms of the plan and to determine eligibility for benefits. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 957-58, 103 L.Ed.2d 80 (1989). Although the plan need not use "magic" words or phrases to confer discretion, the plan language, in all of its context, must demonstrate an intent to confer discretion. Finley v. Special Agents Mutual Benefit Ass'n, Inc., 937 F.2d 617, 620-21 (8th Cir. 1992) (concluding that language conferred discretion because of the context within which the language was added to the plan).

Here, in arguing that the at-issue plan confers discretionary powers, Defendant submits this language: "review the claim to determine whether or not benefits are payable in accordance with the terms and provisions of the Group Policy." Defendant relies on this language to argue that the plan "expressly places upon LINA the duty to: **review [a claimant's] claim to determine whether or not benefits are payable in accordance with the terms and provisions of the Group Policy.**" (Defendant's Opposition Memo. at 4 (bold in original)).

Defendant's portrayal of the plan language tests the boundaries of genuineness. When read in its original context, the alleged discretion-conferring language does not signal an intent to confer discretion. Indeed, it has nothing to do with conferring discretion. Said language is found on a page entitled "CLAIM PROCEDURES," under the sub-heading "Filing a Claim for Benefits." Affidavit of Brian L. Lindberg, Ex. A at 29 (Bate stamped LINA 00082). The alleged discretion-conferring language merely sets forth the *timing* for reviewing a claim: "From the date

your notice of claim is returned, the insurance company has 90 days in which *to review the claim to determine whether or not benefits are payable in accordance with the terms and provisions of the Group policy*." Id. (emphasis added).

The Court concludes that, when read in it original context, the alleged discretion-conferring language does not signal an intent to confer discretion.[1]

## III. RECOMMENDATION

For the forgoing reasons, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion be granted [Docket No. 18];

2. Defendant's motion be denied [Docket No. 13]; and

3. The merits of this case be reviewed *de novo*.

Dated: 10/31/01

Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Within 10 days after being served with a copy of this Report and Recommendation, any party seeking to object to the same shall deliver to the Clerk of Court, and serve on the opposing party, written objections which specifically identify the portions of the Report and Recommendation to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within 10 days after service thereof. All briefs filed under this rule shall be limited to 10 pages. A judge shall make a *de novo* determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.

AJB

---

[1]It is also worth noting that, although the alleged discretion-conferring language is in relation to Defendant LINA, the plan does not designate LINA as the plan administrator, nor has LINA demonstrated that it is/was the *de facto* plan administrator. See generally Johnston v. Paul Revere Life Ins. Co., 241 F.3d 623, 632-33 & n.12 (8th Cir. 2001) (noting that insurance company and its agent were neither fiduciaries or administrators because they performed the traditional roles of insurer and agent).